1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name _Atterbury_____ _Danny_____ ___F.___
       (Last)              (First)          (Initial)

3  Prisoner Number _NA 202460-2_   _NAPA STATE HOSPITAL_

4
5  Institutional Address 2100 Napa Vallejo Hwy., Napa, CA 94558

6  ===========================================================
7                    **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
8  Danny F. Atterbury,                                    )
   (Enter the full name of plaintiff in this action.)     )
9                                                         )
                         vs.                              )   Case No. _____
10                                                        )   (To be provided by the clerk of court)
   ED Foulk, Executive Director, Napa State (mental       )
11                                                        )   **PETITION FOR A WRIT**
   Hospital,                                              )   **OF HABEAS CORPUS**
12  _____                     )
                                                          )
13  _____                     )
                                                          )
14  (Enter the full name of respondent(s) or jailor in this action)  )
                                                          )
15  _____)

16  ===========================================================
    Read Comments Carefully Before Filling In

17  When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -



1 <u>Who to Name as Respondent</u>

2       You must name the person in whose actual custody you are. This usually means the Warden or

3 jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4 you are imprisoned or by whom you were convicted and sentenced. These are not proper

5 respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7 but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9 was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12        (a)    Name and location of court that imposed sentence (for example; Alameda

13             County Superior Court, Oakland):

14           ElDorado County Superior Court      Placerville, California

15           Court                    Location

16        (b)    Case number, if known _53460

17        (c)    Date and terms of sentence _Sentenced on September 20, 1989, 15 yrs, 4 mo.

18        (d)    Are you now in custody serving this term? (Custody means being in jail, on

19           parole or probation, etc.)        Yes _x_    No____

20           Where? Napa, California

21           Name of Institution: _Napa State Hospital

22           Address: _2100 Napa Vallejo Hwy., Napa, California 94558

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 challenging more than one sentence, you should file a different petition for each sentence.)

26 _Two counts Cal. Penal Code, § 664/187, but both injured parties only received minor injuries_

27 _and were treated and released; but this petition concerns conditions of confinement. (See_

28 _Griggs v. Superior Court (1976) 16 Cal.3d 341.)_

PET. FOR WRIT OF HAB. CORPUS    - 2 -

1        3. Did you have any of the following?

2            Arraignment:                          Yes __x__       No____

3            Preliminary Hearing:                  Yes __x__       No____

4            Motion to Suppress:                   Yes _____       No __x__

5        4. How did you plead?

6            Guilty _____   Not Guilty _____   Nolo Contendere _____

7            Any other plea (specify) __Not guilty by reason of insanity._____

8        5. If you went to trial, what kind of trial did you have?

9            Jury _____     Judge alone_____   Judge alone on a transcript __x__

10       6. Did you testify at your trial?                  Yes _____       No __x__

11       7. Did you have an attorney at the following proceedings:

12           (a)    Arraignment                     Yes __x__       No____

13           (b)    Preliminary hearing             Yes __x__       No____

14           (c)    Time of plea                    Yes __x__       No____

15           (d)    Trial                           Yes _____       No __x__

16           (e)    Sentencing                      Yes __x__       No____

17           (f)    Appeal                          Yes __x__       No____

18           (g)    Other post-conviction proceeding  Yes _____     No __x__

19       8. Did you appeal your conviction?                 Yes __x__       No____

20           (a)    If you did, to what court(s) did you appeal?

21                  Court of Appeal                 Yes __x__       No____

22                  Year: _1989_        Result: Counsel adandoned appeal_____

23                  Supreme Court of California      Yes _____       No __x__

24                  Year: _____      Result:_____

25                  Any other court                 Yes _____       No __x__

26                  Year: _____      Result:_____

27

28           (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

| | | | |
|---|---|---|---|
| 1 | | petition? | Yes _____     No_x_ |
| 2 | (c) | Was there an opinion? | Yes _____     No_x_ |
| 3 | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | |
| 4 | | | Yes _____     No_x_ |

5    If you did, give the name of the court and the result:

7    This is a conditions of confinement petition. (

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?     Yes _x_     No ____

10    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17    questions for each proceeding. Attach extra paper if you need more space.

18    I.    Name of Court: First District California Court of Appeal.

19    Type of Proceeding: _Habeas corpus petition._

20    Grounds raised (Be brief but specific):

21    a._ Medical and psychological abuse._

22    b._ Denial of proper and meaningful medical care._

23    c. Cruel and unusual punishment, denial of dur process and equal protection.

24    d. Denied meaningful access to the courts.

25    Result: Denied.                              Date of Result: 6/11/08

26    II.    Name of Court: _California Supreme Court._

27    Type of Proceeding: Habeas corpus petition.

28    Grounds raised (Be brief but specific):Same grounds as in Court of Appeals.

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1                       a.  Same grounds raised as in First District Court of Appeals, as---

2                       b.  listed above in § (a)(I).

3                       c.

4                       d.

5                       Result: Deneid                          Date of Result: 7/23/08

6              III.    Name of Court:  The California Supreme Court was the final State Court.

7                       Type of Proceeding: Habeas petition

8                       Grounds raised (Be brief but specific):

9                       a.  Same grounds raised as in First District Court of Appeals, as---

10                      b.  listed above in § (a)(I).

11                      c.

12                      d.

13                      Result: _____ Date of Result:_____

14              IV.    Name of Court: The California Supreme Court was the final State Court.

15                      Type of Proceeding: Habeas petition

16                      Grounds raised (Be brief but specific):

17                      a. Same grounds raised as in First District Court of Appeals, as---

18                      b. listed above in § (a)(I).

19                      c.

20                      d.

21                      Result: _____ Date of Result:_____

22     (b)     Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                            Yes ____     No x

24                  Name and location of court: No proceedings anywhere concerning the issues here.

25    B. GROUNDS FOR RELIEF

26             State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS      - 5 -



1    need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One: Habeas corpus  petition alleging unconstitutional conditions of confinement

6         first filed  in the state courts pursuant to Griggs v. Superior Court (1976) 16 Cal.3d 341,

7        Supporting Facts: Subjected to cruel and unusual punishment and denial of due process and

8        equal protection of laws, in retaliation becasue I exercised right to complain and this violates

9         the US and California Constitutions.  (See attached sheet.)

10        Claim Two: Denied meaningful access to the courts.

11

12        Supporting Facts: (Not enough room--please see attached sheet.)

13

14

15

16        Claim Three:   (Not enough room--please see attached sheet.)

17

18        Supporting Facts:   (Not enough room--please see attached sheet.)

19

20

21

22        If any of these grounds was not previously presented to any other court, state briefly which

23    grounds were not presented and why:

24

25     All grounds were previously presented to the state courts.  (Please see attached sheet)

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 6 -

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4      Ex parte Hull (1941) 312 U.S. 546, 549; Estelle v. Gamble, citing Gregg v. Georgia, 428 U.S. 153,

5      182-83 (1976); Farmer v. Brennan, 511 U.S . 825, 837 (1994); to name a few relevant cases.

6    _____

7    Do you have an attorney for this petition?                    Yes_____    No_x_

8    If you do, give the name and address of your attorney:

9    _____

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on __July 28, 2008_____          _____

14             Date                                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -



Danny Atterbury
2100 Napa Vallejo Hwy.
Napa, CA 94558

United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, California, 94102

### Introduction to Petition for Habeas Corpus Writ
### Title 28 U.S.C. § 2254

Before I begin I would like to request this habeas petition is assigned to a
Magistrate Judge because I read the booklet titled "Consenting to a Magistrate Judge's
Jurisdiction in the Northern District of California," and the "Message from the Chief
Judge of the U.S. District Court, the Honorable Vaughn R. Walker, indicates it would be
better in my particular case and the process faster for this habeas petition to be assigned
to a Magistrate Judge.

I have requested freedom of speech, due process, and the equal protection of the
laws at Napa State "Hospital" (NSH) for many years, and I have requested proper and
meaningful medical treatment for a very painful and disabling spinal injury for eight
years thus far, and I need medical care now. I understand that a Magistrate Judge is
assigned a civil caseload approximately 30% that of a District Judge's caseload, in
recognition of a Magistrate Judge's other duties, and this means the process will be
completed sooner with a Magistrate Judge presiding over the case.

This habeas petition involves my unsuccessful quest of many years to obtain due
process and the equal protection of the laws at NSH and from the Napa County Superior
Court system that appears to be afflicted with the stigma of mental illness and fact-finder
deference to psychiatric testimony, as perceptively explained by the California Supreme
Court in *Conservatorship of Roulet* (1979) 23 Cal.3d 219, 229-230, 235.)

CCHR[1] Investigator, Mr. William Sargent, other patients, and I have filed
numerous complaints about this abuse over several years with the NSH Patients' Rights
Advocate and several outside agencies but relief was denied, and NSH is treated like it is
above the law. The Napa Superior Court never does anything about this except
summarily deny petitions for relief, and the NSH abuse has probably being going on for

---

[1] Note: CCHR was established in 1969 by the Church of Scientology to investigate and expose psychiatric violations of human rights, and to clean up the field of mental healing. Today, it is estimated that CCHR has more than 250 chapters in over 31 countries. Its board of advisors, called Commissioners, includes doctors, lawyers, educators, artists, business professionals, and civil and human rights representatives. CCHR has inspired and caused many hundreds of reforms by testifying before legislative hearings and conducting public hearings into psychiatric abuse, as well as working with media, law enforcement, and public officials the world over. (CCHR: www.cchr.org • www.psychdrugsdangers.com • e-mail: humanrights@cchr.org. www.psychcrime.org • http://www.dodig.osd.mil/INV/DCIS) (CCHR: Tele: (323) 467-4242 • (800) 869-2247 • (800) 942-2247 • see also Bill Sargent, Shasta County at (530) 472-3299 • e-mail-cchr@jett.net • e-mail-sarge@jett.net)

1

the over 100 years of NSH's existence judging by the Napa Superior Court's failure to intervene.

I filed a habeas corpus petition in the First District California Court of Appeal (#A121447) alleging it is useless to petition the Napa County Superior Court about the cruelty, abuse, and fraud at Napa State Hospital (NSH) because the Napa Superior Court ignores the abuse and routinely dismisses all pro per petitions for relief, shows deference to NSH excuses, and accepts contrived evidence as true and correct without question. A Napa Court Clerk once told me the Napa Judge telephones the NSH Medical Director per judicial policy to "weed out" frivolous complaints and the judge automatically dismissed my habeas corpus petition on the director's report. The First District Appeals Court ordered the Napa Court records but did not follow through and the California Supreme Court is the proper Court of next resort.

I do not have proof of the "weeding out" policy and procedure; but the Citizens Commission on Human Rights (CCHR) did an investigation when the NSH Police subjected patients Bartolo Mullen and Lance Kerins to an illegal search and seizure on July 9, 2007, and issued Mullen and Kerins identical generic ex post facto search warrants on July 18, 2007, purportedly issued and signed by Napa Superior Court Magistrate Judge Rodney G. Stone. CCHR Attorney Kendrick Moxon questioned this, and the Napa Court Clerk told Investigator Mr. William Sargent the warrant was not recorded and there is no supporting affidavit. The warrant appears to be either a generic warrant pre-signed by Magistrate Stone, or a forgery by NSH Police Officer Jesus Gallegos. Either way, this is all unlawful and it can be proved Officer Gallegos committed perjury and lied about the reason for the retaliatory search on the warrant, lied about the evidence, and the Napa Superior Court would not respond to inquiries about this and either ignored or summarily dismissed all attempts made to rectify the matter. (See enclosed copy of search warrant and affidavits.)

Some NSH employees subject me to cruel and unusual punishment and denial of due process and the equal protection of the laws, in vindictive retaliation because I exercise my First Amendment Rights under the US and California Constitutions, to petition the courts and complain about the fraud and abuse. I am 60 years old and some of my custodians prevented me from eating any state food from April of 2007 to April 2008, and I survived on cereal and other foods my friends bought me at the institution's canteen when I went outside for exercise and to the library. I am unable to eat in the dining room because the pain caused by standing in line in one place carrying a tray for very long hurts me too much, and sitting in the straight-backed chairs for very long exacerbates my pain and disability. Furthermore, I am supposed to be on a vegetarian diet and the aroma [odor] in the dining room of pork and other meat products nauseates me and this in combination with the profanity and body odor of the low-functioning violent patients housed on the on restrictive deprivation and punishment the Ward T-7 makes it impossible for me to eat in the dining room. Certain of my custodians decided that I look fine and I must be malingering and I should not eat unless I sit and eat in the dining room and refused to bring me food back from the dining room from April 2007 until April 2008 when I had a room change and my new roommate made many accusations of

2

cruelty and incompetence against the custodians depriving me of food and demanded that the custodians feed me.

Some patients complained about some staff refusing to give me food, and the staff told them they were going to give me something to eat. However, staff either did not bring me anything to eat and said they forgot, or else staff brought me something not kosher and inedible. Obviously, there are some people working at NSH who try to help the patients as much as they can, considering the US Justice Department found NSH failed to provide adequate medical care, adequate nursing care, adequate nutritional services, and systematic violations that puts its patients' lives in danger during two separate CRIPA Investigations spanning the last two decades. (See www.usdoj.gov.)

However, many of the violations clandestinely continue due to the "conflict of interest" court monitor not doing his job and apparently furthering the state's interests instead. The Honorable George Schavelli, United States District Court Judge, Central District of California, appointed the court monitor (Mohamed El-Sabaawi, M.D.) and the Judge apparently did not realize the monitor has a conflict of interest between doing want is right for the patients and the NSH hand that feeds him. This conflict of interest apparently was not brought to light until Los Angeles Times newspaper reporter Lee Romney published a series of successive articles in the Times beginning on May 2, 2006. The articles explained that NSH had been retaining consultant Nirhbay Singh from the Human Potential Consulting Group in Alexandra Virginia for 1.1 milion dollars per year for several years before Judge Schavelli appointed Nirhbay Singh's colleague Mohamed El-Sabaawi, from the same Human Potential Consulting Group in Alexandra Virginia to implement and monitor the consent judgment in CV 06-2667 GPS.

There are some very overbearing, cruel, and sick people currently working behind the closed and locked doors of NSH, and the May 1997 report of the investigation Protection & Advocacy (PAI), Inc., conducted at NSH confirms that things have not changed much in this regard at NSH in the decade following the May 1997 PAI report.

In fact, the same "code of silence" or the failure to speak out when wrongdoing is committed by co-workers found in 1997 is still alive and well at NSH in 2008, and this is only one of many institutional barriers that prevent staff from reporting the abuse of residents at facilities such as NSH. The report notes "studies indicate that institutional barriers make it unrealistic to rely primarily on direct care staff to break the code of silence and report abuse by fellow employees" and "despite official expectations and no matter how conscientious the direct-care staff, it is unrealistic to expect that staff abuse can be adequately monitored and disciplined by relying on fellow workers as the primary reporters. Aside from strong personal considerations, including loss of effective working relationships and documented threats of retaliation, there are institutional barriers to this sort of freelance monitoring." (See *Staff Report on the Institutionalized Mentally Disabled*: Joint Hearings Before the Subcommittee on the Handicapped of the Committee on Labor and Human Resources and the Subcommittee on Labor, Health and Human Services, Education, and Related Agencies of the Committee; *Napa State Hospital's Failure to Protect Residents from Abusive & Related Potential Criminal Acts by Staff* -

Protection & Advocacy, Inc. (PAI) Appropriations, United States Senate (April 1-3, 1985); http://www.pai-ca.org/pubs/701101.htm.)

It took me from 2001, when I fell and re-injured an old .38 caliber gunshot wound to my spine, to July 2, 2008, to obtain an MRI to determine the extent of the spinal injury, which is about eight years. The first page of the results reads in pertinent part "[t]here is a central compression fracture of the L3 vertebral body with approximately 30-40% loss in height. The fracture is remote in age based on the "rr arrow" [sic] signal intensities." (Emphasis mine.) The conclusion to the results on page 2 states the MRI revealed (1) "multi-level degenerative disc disease with lateral disc protrusions at L3-4 and L4-5 resulting in neural formaminal stenosis," and (2) "chronic (remote) L3 vertebral body compression fracture."

The First District Court of Appeal issued an order on May 13, 2008, and ordered the Napa Court to produce copies of some of the petitions I filed about the abuse at NSH but the First District Court of Appeal denied the petition without comment on June 11, 2008. (See enclosed copies of May 13, 2008, and June 11, 2008, orders issued by the First District Court of Appeal.)

I mailed a habeas corpus petition to the California Supreme Court and I alleged the same issues I had previously alleged to the First District Court of Appeal and the California Supreme Court filed the petition on June 18, 2008, and numbered the petition S164449. The California Supreme Court subsequently denied habeas corpus petition S164449, at an En Banc proceeding on July 23, 2008. (See enclosed California Supreme Court denial order stamped "GEORGE, Chief Justice.")

In support of the decision to deny my habeas corpus petition, the California Supreme Court cited *In re Dexter* (1979) 25 Cal.3d 921 (The requirement that a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies applies to grievances lodged by prisoners); and *In re Lessard* (1965) 62 Cal.2d 497, 503] (state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected and Petitioner's counsel did not object to the introduction of evidence which allegedly had been illegally obtained, but he stated that he did not object to it and, additionally, did not present the issue on appeal.)

I started trying to exhaust the NSH administrative grievance procedure shortly after July 9, 2007, and I still have not been able to completely exhaust the grievance procedure at NSH due to state hospital personnel procrastination, and there is not even a time limit listed for the Department of Mental Health to complete their part of the grievance procedure.

With all due respect, I think the *In re Lessard* (1965) 62 Cal.2d 497, 503, case the California Supreme Court cited to support denying my habeas petition is inapposite, and perhaps I confused my argument and the California Supreme Court assumed I was arguing a different point hen it cited *In re Lessard.* Considering all the facts here, it is

4

unfair to require me to spend any more time "slow dancing" with the state officials and the advocates, and I do not know how months and months of frustrations and pain and discomfort can be repaired.

### The Grievance Procedure Is Inadequate

#### a. Time Limits

The NSH Grievance Procedure is too time consuming and although I began attempting to exhaust the grievance procedure in early July 2007, I still have not been able to do so attributable to procrastination on the part of the parties involved (i.e., Mr. Foulk and Protection & Advocacy, Inc. Patients' Rights Advocates). In fact, I still have not received an answer to my appeal about this matter from the Office of Patients' Rights in Sacramento, a subsidiary of Protection & Advocacy, Inc.), and the Third Level of Appeal to the California Department of Mental Health does not even list a time limit.

#### b. An Effective Remedy Is lacking

I have previously filed and appealed denied grievances and although the Office of Patients' Rights, subsidiary of Protection & Advocacy, Inc., found that NSH violated my constitutional or Patients' Rights nothing was done to rectify or redress the violations, and it appears I have rights without remedies. Moreover, there is no administrative grievance procedure or remedy to complain about the Napa County Superior Court failing to take action on valid claims or to complain about or correct the Napa County Superior Court's deference to psychiatric testimony or bias.

The doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma. (*Hollon v. Pierce*, 257 Cal.App.2d 468, 476.) It contains its own exceptions, as when the subject matter of the controversy lies outside the administrative agency's jurisdiction (*County of L.A. v. Dept. of Social Welfare*, 41 Cal.2d 455, 457), when pursuit of an administrative remedy would result in irreparable harm (*Greenblatt v. Munro*, 161 Cal.App.2d 596, 605-607; see *Abelleira v. District Court of Appeal*, 17 Cal.2d 280, 296-297), when the administrative agency cannot grant an adequate remedy (*Endler v. Schutzbank*, 68 Cal.2d 162, 168; *Eye Dog Foundation v. State Board of Guide Dogs for the Blind*, 67 Cal.2d 536, 543-544), and when the aggrieved party can positively state what the administrative agency's decision in his particular case would be. (See *Gantner & Mattern Co. v. California E. Com.*, 17 Cal.2d 314, 318; *Ogo Associates v. City of Torrance* (1974) 37 Cal.App.3d 830, 834; *In re Thompson* (1985) 172 Cal.App.3d 256, 262-263; *In re Fain* (1976) 65 Cal.App.3d 376, 395; *In re Dexter* (1979) 25 Cal.3d 921, 925; see also *Exhaustion of Administrative Remedies in California*, 56 Cal.L.Rev. 1061, 1068-1081.)

As I stated above, I started trying to exhaust the NSH administrative grievance procedure shortly after July 9, 2007, and I still have not been able to exhaust the NSH grievance procedure at NSH due to procrastination and there is not even a time limit listed for the Department of Mental Health to process their part of the grievance procedure. However, unlike the grievance procedure the state Department of Corrections

5

has, the NSH procedure does not inform the mental patient in writing of the reasons for exceptional delays preventing closure within the specified time limits and the NSH procedure does not give the mental patient an estimated completion date. (See *Bailey v. Loggins* (1982) 32 Cal.3d 907, 932, citing *In re Muszalski* (1975) 52 Cal.App.3d 500, 506-507 [125 Cal.Rptr. 286.)

It is very difficult and painful for me to do anything due to my spinal injury and there must eventually come and end to trying to exhaust an administrative remedy when state officials procrastinate and months and years pass by while waiting for responses to proceed further with the complaint. I have many witnesses that can verify that the advocates stopped responding to complaints altogether and this is an unconstitutional "catch 22" or dilemma. Furthermore, "the exhaustion requirement does not apply where an effective remedy is lacking. For example, in *Rosenfield v. Malcolm* (1967) 65 Cal.2d 559 [55 Cal.Rptr. 505, 421 P.2d 697], the court held that where no specific remedy is provided, the mere existence of a general supervisory power in some official body is not a remedy to be exhausted," and "another exception to the exhaustion rule would be where some irreparable damage would occur from the denial of immediate judicial relief." (See *In re Thompson* (1975) 52 Cal.App.3d 780, 783, citing *Greenblatt v. Munro* (1958) 161 Cal.App.2d 596 [326 P.2d 929].)

The issues in this habeas corpus petition are of issues of broad public interest and likely to recur and a lot of other patients are currently being medically neglected and abused, although the taxpayers had to "dish-out" $180,264.00, cost of care per individual at NSH in 2007 alone and the cost increases every year. (See enclosed chart revealing cost of care at NSH.) The issues presented in this petition personify cases where persons at low levels of society are perpetually deprived of constitutional rights and should not be left utterly remediless and defenseless against repetitions of unconstitutional conduct. *(Sibron v. New York* (1968) 392 U.S. 40, 52-53; see also *In re John Ballay* (1973) 482 F.2d 648, 651, citing *Sibron v. New York*, 392 U.S. 40, 57) ("There is yet another independent reason why the present appeal is not moot - the collateral consequences of being adjudged mentally ill remain to plague appellant. We recently had occasion to consider whether the standard applied in criminal cases, that a case is moot only if it is shown that there is no possibility that any collateral legal consequence will be imposed on the basis of the challenged conviction.")

## Request for Relief

Therefore, I respectfully request this Court to forthwith grant habeas corpus writ and any and all other appropriate relief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, memory, and belief.

Respectfully submitted,                                                      Dated: 7/28/08

Danny Atterbury

6

Enclosures: (1) Attached sheet; (2) Copy of First District Court of Appeal May 13, 2008 Order; (3) Copy of June 11, 2008 Order; (4) Copy of Search Warrant; (5) Affidavit by Lance Kerins; (6) Affidavit by Clifford Powers; (7) Affidavit by Jess Massey; (8) Chart showing NSH Cost of Care for each individual per year.

Some relevant cases: Ex parte Hull (1941) 312 U.S. 546, 549 [61 S.Ct. 640; 85 L.Ed. 1034]; Lewis v. Casey, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (court access) People v. Machupa (1994) 7 Cal.4th 614, 615; People v. Aston (1985) 39 Cal.3d 481, 703 P.2d 111; 216 Cal. Rptr. 771; People v Murgia (1974, 4th Dist) 43 Cal App 3d 85, 117 Cal Rptr 564.) (Illegal warrants)

*

7

S164449

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re DANNY ATTERBURY on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921; *In re Lessard* (1965) 62 Cal.2d 497, 503.)

SUPREME COURT
**FILED**

JUL 2 3 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE
Chief Justice

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

FILED
FIRST APPELLATE DISTRICT

### DIVISION ONE

MAY 1 3 2008

DIANA HERBERT, CLERK
DEPUTY CLERK

In re DANNY ATTERBURY on
Habeas Corpus.

A121447

(El Dorado County Superior
Court Case No. 53460 and
Napa County Superior Court
Case No. HC1423)

BY THE COURT:

Pursuant to rule 8.380(b) of the California Rules of Court, and good cause appearing therefore, it is ordered that the Clerk of Napa County transmit to this court the original superior court file in *In re Danny Atterbury on Habeas Corpus*, case number HC1373, HC1393, HC1399, HC1797, and HC1423.

It is further ordered that the Clerk of this Court return said file to the County Clerk after it has served its purpose.

MAY 1 3 2008

Dated: _____

**STEIN, J.**  Acting P.J.

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1

JUN 1 1 2008

In re DANNY ATTERBURY on Habeas Corpus.

A121447
El Dorado County No. 53460. HC1423

BY THE COURT:

The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Acting Presiding Justice Stein, Justice Swager and Justice Margulies

Date: _____          **STEIN, J.** _____ Acting P.J.

orcc1a

**STATE of CALIFORNIA, COUNTY of NAPA,**

# SEARCH WARRANT AND AFFIDAVIT (AFFIDAVIT)

**Investigator Jesus Gallegos #662** declares under penalty of perjury that the facts expressed by him/her in the attached and incorporated **Statement of Probable Cause** are true and that based thereon he/she has probable cause to believe and does believe that the articles, property, and persons described below are lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and are now located at the locations set forth below. Wherefore, Affiant requests that this Search Warrant be issued.

_(Signature of Affiant)_    , NIGHT SEARCH REQUESTED: YES ☐ NO ☒

# (SEARCH WARRANT)

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICEMAN OR PEACE OFFICER IN THE COUNTY OF NAPA: proof by affidavit, under penalty of perjury, having been made before me by **Police Officer / Investigator Jesus Gallegos #662** that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by "x"(s) in that it:

☐   was stolen or embezzled.
☐   was used as the means of committing a felony.
☒   is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery.
☒   tends to show that a felony has been committed or that a particular person has committed a felony.
☐   tends to show that sexual exploitation of a child, in violation of Penal Code Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring.
☐   there is a warrant to arrest the person.

**You are Therefore COMMANDED to SEARCH:**    (premises, vehicles, persons)

**The Napa State Hospital Police Department, Property Detail located at 2100 Napa-Vallejo Hwy., Napa, California, 94558, in the County of Napa. Property seized on July 9th, 2007 at 2100 Napa-Vallejo Hwy. Unit T-13, Napa, California. The computer equipment and counterfeit evidence was booked at the Napa State Hospital Police Department as evidence using Property Control Number #07-07-0500. The evidence was seized during a routine shakedown of Napa State Hospital Unit T-13.**

### For the FOLLOWING PROPERTY or PERSON(s):

Examination and search of computers and computer system components such as; CPU central processing units, internal and peripheral storage devices such as internal or external hard drives, removable storage devices and disks/hard drives, floppy disk drives and diskettes, CD-R, CD-RW, DVD drives and disks, tape drives and tapes, optical storage devices or other memory storage devices, integral RAM or ROM devices; peripheral input/output devices such as keyboards, touch pads, printers, scanners, plotters, cameras, video display monitors, modems, external data storage devices, optical readers and related communication devices such as acoustic or electrical modems, or other controlling devices such as diskettes, CD-R, CD-RW, DVD disks, power back-up devices, connecting switches, interface devices, software to run programs, connecting cables, switches, power sources, and plugs.

Examination and search of all of the above components is for files, data, images, software, operating systems, deleted files, system configurations, drive and disk configurations, date and time, unallocated and slack space, for evidence.

It is your Affiant's experience that computer system forensic examinations and searches cannot be completed within the ten days in which the Search Warrant must be served and the Return to Search Warrant filed with the Search Warrant. It is requested that the 10-day requirement be waived to provide your Affiant ample time to have it processed and comply with the Search Warrant in a timely manner. The Return to Search Warrant and Search Warrant will be filed promptly upon completion of the computer system forensic examination and search.

**AND TO SEIZE IT / THEM IF FOUND** and bring it / them forthwith before me, or this court, at the courthouse of this court. This **Search Warrant** and **Affidavit** and attached and incorporated **Statement of Probable Cause** were sworn to as true under penalty of perjury and subscribed before me on this ___18___ day of ___July___, ___2007___, at ___4:35___ A̶M̶. / P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_____
(Signature of Magistrate)

KNOCK - NOTICE EXCUSED: YES ☐ NO ☒
,NIGHT SEARCH APPROVED: YES ☐ NO ☒

Judge of the Superior Court of California, County of Napa

___Rodney G. Stone___
(Magistrate's Printed Name)

AFFIDAVIT

I, Lance Kerins, was given a copy of a warrant to search my computer by
Napa State Hospital Police Department, Investigator Jesus Gallegos #662.
This warrant, upon comparison with the warrant that Bartolo was served by this
same Investigator, is exactly the same warrant. All information on the warrant I
was served is the same as the warrant Bartolo Mullen was also served. There is no
difference whatsoever at all. My computer is a Gateway M320X. My computer is a
different brand and model than Bartolo Mullen computer. neither my name or
Bartolo Mullen name is on these search warrants.


I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT TO THE BEST
OF MY KNOWLEDGE.

Date: August 3, 2007.

Lance Kerins

*Lance R. Kerins*

SIGNATURE

AFFIDAVIT

On July 9, 2007 I, Clifford Powers, was chosen as a client representative to
observe while Napa State Hospital Staff & Police Officers searched Bartolo Mullen
Room and Bed area. Upon my observation one of the male staff members sat down in
a chair and began accessing information on Bartolo Mullen computer. I then said
" you cant access nothing on his computer because there is personal information
and legal stuff on there" this staff in turn said "Keep your nose out of the
business and go stand over by the door." I then told him to shut down Mr. Mullen
computer. This staff then shut Mr. Mullen computer down. I asked this staff
member for his name and he refuse to give it to me.

I personally know Bartolo Mullen and he does legal work for himself as well as
many of our peers throughout the hospital. This is very well known by staff and
my peers.

I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT TO THE BEST
OF MY KNOWLEDGE.

Date:  August 3, 2007.

Clifford Powers                        _Clifford Powers_____
                                            SIGNATURE

AFFIDAVIT

On 9-11-07 I, Jess W. Massey, was escorted by Officer Gallegos to the Program 3 hallway conference room. When I arrived there were two men in black suits who introduced themselves as secret service agents and another hospital police officer. I was asked to sit down and the secret service agents began questioning me about some counterfeit money. Afterword Officer Gallegos asked the secret service agents to leave the room. Once they were out of the room Officer Gallegos and the other hospital officer were still present. Officer Gallegos looked at me in a mean way and stated " If you dont keep going along and tell the story I'll kick your ass" at this time I began crying and became scared and upset. I told Officer Gallegos that I want an attorney. The other hospital police officer told Gallegos "that's enough" I was then escorted by the other officer back to my unit. I took a PRN and told my staff what happened. As a result of my being upset and scared I was put on constant watch by staff and talked to the doctor of the day. I fear Officer Gallegos because he on another occassion had me escorted to the visiting room by another officer who told me I had an attorney visit. When I arrived Officer Gallegos was present and he had the other officer handcuff me and I was pushed down in a chair. Officer Gallegos then began to ask me many questions about other clients and what was going on in the facility. I basically told Officer Gallegos what I thought he wanted to hear out of fear. Officer Gallegos then told me he would get me some burgerking food. He never Baught this food.
I SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

DATE: 9-16-07

JESS W. MASSEY

12/21/2007          09:09          7072535411          NSH ED

NAPA STATE HOSPITAL
COST OF CARE PER FISCAL YEAR FOR EACH INDIVIDUAL

| Fiscal Year | Allocation Amount | Population | Cost per Individual |
|---|---|---|---|
| 2006/07 | $211,810,383 | 1, 175 | $180,264.00 |
| 2005/06 | $191,399,492 | 1, 157 | $165,427.00 |
| 2004/05 | $176,684,826 | 1, 157 | $152,709.00 |
| 2003/04 | $162,793,625 | 1, 044 | $155,933.00 |
| 2002/03 | $150,817,564 | 1, 064 | $141,746.00 |
| 2001/02 | $151,126,365 | 1, 092 | $138,394.00 |

Cost Per Meal

| Food cost FY 06/07 | $2,298,544.02 |
|---|---|
| Food cost per day | $6,297.38 |
| Food cost per patient per day | $5.24 |
| Food cost per meal per patient per day | $1.74 |

## Public Information

July 28, 2008
Danny Atterbury
2100 Napa Vallejo Hwy.
Napa, CA 94558

United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, California, 94102

TO THE COURT:

Please find enclosed a completed (filled out) seven (7) page standard habeas corpus writ petition form "HC-6-02.wpd (Rev. 6/02)," including a seven (7) page attachment with nine (9) pages of attached exhibits, to use to file a habeas corpus writ petition in the United States District Court for the Northern District of California under 28 U.S.C. §§ 2254.

Please file the enclosed papers as soon as possible and I have arranged to have a $5.00 check mailed to the Court to pay the filing fee as soon as we get a case number assigned.

As the Court will read in the attachment to the writ petition, I am 60 years old and I suffer constant severe to excruciating pain from a disabling spinal injury caused by a .38 caliber gunshot wound to my spine years ago and aggravated by a fall at NSH in 2001, and I am therefore unable to work at any of the institution jobs and I cannot currently mail copies of the enclosed documents to the Court.

Sincerely,

Danny Atterbury

Enclosures: (1) Copy of May 13, 2008, and June 11, 2008, orders issued by the First District Court of Appeal.

  (2) California Supreme Court denial order stamped "GEORGE, Chief Justice.")

  (3) Copy of 2-page search warrant and 3 affidavits.)

  (4) Copy of Chart showing cost of care for each individual confined at NSH in 2007 alone.



NSH Mailroom, please stamp legal
mail to Federal Court for $12.50 Client.

Office of the Clerk
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, California, 94102

Danny Atterbury
2100 Napa Vallejo Hwy.
Napa, CA 94558

**Legal Mail**
Mailed 28-Jul-08

If it aint yers,
Keep yer paws
Off!!

If it aint yers,
Keep yer paws
Off!!

If it aint yers,
Keep yer paws
Off!!